**EVANS v. BOWLES, Administrator, O. P. A.**

**No. 4642.**

District Court, W. D. Pennsylvania.

Oct. 31, 1945.

Anthony R. McGrath, of Pittsburgh, Pa., for plaintiff.

John A. Metz, Jr., Dist. Enforcement Atty., and Samuel M. Chertoff and Marcella McNanamy, Enforcement Attys., all of Pittsburgh, Pa., and John D. Masterton, Regional Litigation Atty., of New York City, for defendant.

GIBSON, District Judge.

The court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

Findings of Fact.

1. Upon hearing before John O'Rourke, Hearing Commissioner, on April 9, 1945, pursuant to which a suspension order was filed against the plaintiff, substantial evidence was introduced which tended to prove that plaintiff, its agents, servants and employees, received the transfer of, and possessed and used counterfeit A–11 gasoline ration coupons, in violation of the provisions of Section 1394.8178 (c) of Ration Order 5–C, and Section 2.5 of General Ration Order No. 8.

2. Upon appeal from hearing before John O'Rourke, Hearing Commissioner, to Charles L. Ferguson, Hearing Administrator, on July 18, 1945, substantial testimony to the same effect was introduced, upon which a suspension of thirty days was ordered.

3. The plaintiff, on February 25, 1945, admitted to one Morgan, O. P. A. Investigator, that two sheets, one of which contained fifty stamps, all of them counterfeit, were his own "bingo sheets" turned over by him to his supplier for gasoline. Said fifty counterfeit stamps purported to have been delivered to plaintiff by a number of persons to whom he had sold gasoline.

4. Said counterfeit stamps had not been removed from ration books or folders, as required by O. P. A. Regulation, by purchasers of gasoline from plaintiff.

Conclusions of Law.

1. The order of John O'Rourke, Hearing Commissioner, suspending the operations of plaintiff, was not arbitrary or capricious.

2. The order of Charles L. Ferguson, Hearing Administrator, was not arbitrary or capricious.

3. Judgment should be entered against plaintiff and his bill of complaint dismissed.

Discussion.

The testimony disclosed that plaintiff had admitted that the "bingo sheets" offered in evidence were his sheets. One of the sheets contained fifty stamps, all counterfeit. It is plain that they were not taken from a ration book, and in fact there is no contention that they were. The plaintiff attempts to explain his possession of them by offering in evidence several newspaper articles which by mistake stated that dealers were allowed to accept coupons without book covers due to the alleged fact that the covers were required to be turned in for

new books. . He denies personal knowledge as to when and how the coupons were received, but seems to infer that they were received from persons while he, or his agents, were acting pursuant to the belief that stamps could be received without production from a ration book.

That the mistaken impression that loose stamps could be submitted when the purchaser was applying for a new ration book had some foundation is beyond question, but that fact does not excuse plaintiff in the instant case. It is too great a strain upon credulity to believe that fifty coupons, purporting to have been received from a number of different purchasers at about the same time and all counterfeit, should have been turned in without a ration book held by any of the purchasers.

The plaintiff's bill of complaint will be dismissed.